**Angel DIAZ, Plaintiff,**

v.

**DeWitt C. CHATTERTON et al.,
Defendants.**

**No. 63–936–EC.**

United States District Court
S. D. California,
Central Division.
March 19, 1964.

Sidney Munshin, Hollywood, Cal., for plaintiff.

Hayward P. LeCrone, Asst. County Counsel, Santa Ana, Cal., for defendants.

CRARY, District Judge.

Plaintiff, a state prisoner presently confined in San Quentin prison, California, by his Amended Complaint, filed herein on March 11, 1963, names as defendants therein DeWitt C. Chatterton, Deputy District Attorney of Orange County, California, Jack W. Walker and Gerald J. Horton, Deputy Sheriffs of Orange County, California, Edward B. Banks and Harry Francis Block, investigators, and others without official capacity. The Amended Complaint is entitled "Amended Complaint in Violation of Section 1985(3) of Title 42, and Sections 231, 241, 242, Title 18, United States Code," and sets forth six "overt acts" and prays that the court " * * * will order a criminal complaint filed against defendants as these acts were done contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

The Amended Complaint alleges as the "first overt act" that defendants, on February 21, 1961, and April 24, 1961, did wilfully, feloniously combine and confederate to file a criminal complaint against the plaintiff "under color of law" for a crime against the State of California, to deprive him of his freedom, and did falsely maintain the suit to deprive plaintiff of his freedom and privileges protected by the Constitution.

As the "second overt act", plaintiff alleges defendants Masot, Cahill, Walker and Horton did, between February 19, 1961, and April 28, 1961, agree to and did falsely testify "before a court of competent jurisdiction."

Plaintiff alleges as the "third overt act" that the defendants, on or about

February 21, 1961, file a complaint against plaintiff in "Municipal Court (No. 42326) and did falsely move and maintain suit."

As alleged "fourth overt act," plaintiff asserts defendant Chatterton, on April 24, 1961, filed an amended information "and did indict" plaintiff for crime of "attempt escape and said DeWitt C. Chatterton not being a member of a Grand Jury or petit jury and without any authority to charge same."

By the "fifth overt act" it is alleged that certain of said defendants did, on or about April 17, 1961, offer and bribe defendant Cahill to testify falsely against plaintiff.

The "sixth overt act" alleges that defendants Chatterton, Banks, Block "and (et Al) on or about April 26, 1961, suppressed evidence, a statement of Jerry Masot which would have refuted his testimony at trial, and did falsely maintain suit out of passion and prejudice" with the intent to deprive plaintiff of equal protection of the laws and to deprive him of his freedom.

The plaintiff then asserts the facts alleged constitute a deprivation, "under color of state authority, of rights guaranteed by Fourteenth Amendment satisfy requirements of statute making any person who, under color of state statute, ordinance, * * * deprives any citizen of his Constitutional rights liable to party injured. U.S.C.A.Const. Amends. 4, 14, 42 U.S.C.A., Section 1983."

Plaintiff, on June 23, 1961, was charged with violation of Sections 209 and 211 of the California Penal Code (kidnapping and armed robbery). While awaiting trial, plaintiff attempted an escape and was then charged with violation of sections 182, subd. 1 and 4532(a), California Penal Code. He was acquitted of the charge under said Sections 209 and 211 and convicted under Sections 182, subd. 1 and 4532(a). Plaintiff was in the Orange County Jail from January 23, 1961, until transported to the California Institution for Men, Chino, California, on May 23, 1961.

The original Complaint was filed in January, 1963, in the United States District Court for the Northern District of California, Northern Division. Plaintiff, at that time an inmate of California state prison at Folsom, was denied the right to proceed in forma pauperis by reason of having more than $15.00 to his credit with the Warden of Folsom prison. (See Warden's note on clerk's letter to Warden dated December 14, 1962, stating plaintiff has $43.42 to his credit.) In a letter to the court clerk, dated June 9, 1963, plaintiff states that he will take steps to pay the filing fee of $15.00 and further states that he has no income other than $7.50 cash each month for blood he sells, that he has a wife and child, two years old, that he is a pauper, and so forth. Plaintiff paid the fee for filing the Complaint.

On February 25, 1963, all defendants, except Masot and Cahill, moved for the dismissal of the Complaint, and in the alternative, for Summary Judgment in favor of said defendants. On February 27, 1963, plaintiff filed a motion for appointment of legal counsel to aid him in the proper presentation of his case. On March 11, 1963, plaintiff filed a "motion to change the nature of his complaint and motion to amend the complaint to include specific criminal charges * * *." The details re the Amended Complaint are set forth above.

Plaintiff again, by letter dated April 30, 1963, requested the court to appoint counsel to represent him. On July 2, 1963, the Honorable Sherrill Halbert, United States District Judge, Northern District of California, by Memorandum and Order of that date, ordered the case transferred to the Southern District of California, Central Division, for further proceedings (see Memorandum and Order filed July 2, 1963) under the provisions of Title 28 U.S.C. §§ 1391(b) and 1406(a) [venue].

Following the transfer of the action, the plaintiff again filed "Application of Indigent for Appointment of Counsel," dated August 16, 1963, and filed August 26, 1963. Attached to said application is a statement dated July 29, 1963, of I

Marks CC III of California prison, San Quentin, California, which says that the plaintiff has nothing in his trust account. On August 26, 1963, United States District Judge Thurmond Clarke routinely appointed Attorney Sidney Munshin from the panel of lawyers available to represent indigent persons accused of crime.

On November 5, 1963, the case was set for trial on February 24, 1964. Plaintiff's attorney, on January 24, 1964, applied for Writ of Habeas Corpus ad Testificandum to bring plaintiff to the Los Angeles County Jail from San Quentin on February 1, 1964, to allow counsel to adequately prepare his case. The order for said Writ of Habeas Corpus was issued by the court, as prayed, on January 24, 1964, and the Clerk of the court issued an abstract of said order to the United States Marshal providing that plaintiff be transported at Government expense pursuant to said Writ of Habeas Corpus. On February 10, 1964, the United States Attorney filed its motion for order vacating the said Writ of Habeas Corpus ad Prosequendum, and order pursuant thereto, on the grounds that on January 31, 1964, his office was notified by the Department of Justice that funds were not available for the transportation by the United States Marshal of plaintiff, a state prisoner, now litigating private, civil litigation in the United States District Court where the United States Government was not a party to such suit. On February 10, 1964, the court ordered the Writ vacated.

It came to the attention of the court, on February 11, 1964, that the motion of certain defendants for dismissal, referred to hereinabove, had not been ruled on by the court in the Northern District of California, and this court ordered the motion to stand submitted as of February 24, 1964, the plaintiff and defendants to have to and including February 20, 1964, to file additional points and authorities. Both plaintiff and defendants involved filed additional points and authorities in accordance with the court's order.

On February 18, 1964, Attorney Sidney Munshin, appointed for plaintiff, filed a motion for an order of the court allowing him to withdraw as attorney for the plaintiff on the grounds he was not aware of the fact the pending action was of a civil nature at the time the court appointed him as attorney for plaintiff, that he volunteered his services to aid indigents in criminal cases and he would not have accepted the appointment had he known the matter involved was civil and not criminal. The same motion was re-filed on February 25, 1964, to allow adequate notice to plaintiff and said motion was noticed and heard on March 16–17, 1964, and on said date the motion for withdrawal as counsel for plaintiff by said attorney was granted.

The court now considers the motion to dismiss the within action, having in mind the facts and circumstances as they now appear to exist.

Defendant Chatterton, being a Deputy District Attorney for Orange County, California, is immune from the within suit. Rhodes v. Houston, 202 F. Supp. 624 (D.C.Neb.1962), Affirmed 8. Cir., 309 F.2d 959; and Roberts v. Barbosa, 227 F.Supp. 20, U.S.D.C., S.D.Cal., Feb. 24, 1964.

In the circumstances presently existing in the within action, it appears to the court:

(1) No relief can be granted under the prayer of the Amended Complaint. Plaintiff may not institute criminal prosecutions.

(2) The statute of limitations (California Code of Civil Procedure, Section 352) does not run against plaintiff while he is in prison and after termination of imprisonment any action the plaintiff may have under the Civil Rights Act can be brought in a more favorable atmosphere when the plaintiff has again become a member of free society and can himself appear in court and prosecute his action if he is unable to employ counsel. Weller v. Dick--

son, 314 F.2d 598 at 601; and Roberts v. Barbosa, supra.

(3) No Federal funds are available to transport plaintiff to Los Angeles from San Quentin to either prepare for trial, appear at trial or pre-trial proceedings, or for any other purpose.

(4) Plaintiff is without counsel and therefore unable in the circumstances, according to his communications on file herein, to prepare or have his case properly prepared for trial and is unable to himself appear or to be represented by counsel in any court proceedings in the matter including the trial thereof. Plaintiff has, on several occasions, requested appointment of counsel by the court but this court concludes that it does not have the authority to order a lawyer to represent plaintiff without payment for his services in the circumstances in this case, to wit, where plaintiff is a state prisoner confined in a California state penal institution and the action is a civil suit for relief under the United States Civil Rights Act.

(5) Although plaintiff has paid the fee for filing his complaint herein, it appears from his affidavit (dated December 11, 1962, referred to hereinabove) for order allowing him to proceed in forma pauperis, affidavit in verification of motion for judgment of default executed by plaintiff on April 3, 1963, from letters of plaintiff on file herein, and application of plaintiff as indigent for appointment of counsel and statement attached thereto that there is nothing in his trust account at San Quentin prison, that plaintiff is, in fact, indigent and without funds and is, in fact, a pauper within the meaning of that term as ascribed by the Federal Courts.

(6) The plaintiff, in the circumstances, although he has the capacity to bring an action under the Civil Rights statute, is unable to prosecute the action or to comply with the rules or orders of the court (Rule 41(b), Fed.R.Civ.P.). For example, the court, if the case were to go to trial, would order the plaintiff to be present or be represented by counsel at the pre-trial hearing and trial. This would be a useless order in the circumstances. Certainly, the court should not be required to make an order with which it is known plaintiff is unable to comply, to constitute a failure of compliance by plaintiff as a condition precedent to the dismissing of the action under Rule 41(b).

It should be noted, before concluding this memorandum, that plaintiff, by letter dated March 5, 1964, made inquiry re the motion of Attorney Munshin to be relieved as plaintiff's counsel and that the court, through the Clerk by letter of March 9, 1964, advised plaintiff that it saw no alternative to granting the motion of Attorney Munshin and that the court was without authority to compel an attorney to represent plaintiff, or anyone else, in a civil action such as this, and that plaintiff advise promptly if he was able to obtain the services of another lawyer to represent him in the matter. On March 11, 1964, plaintiff addressed a letter to the court asking whether another attorney could be appointed to represent him, stating, "No, I am not able to obtain the services of an attorney to represent me in the mattter." The hearing of the motion of Attorney Munshin to be relieved as counsel was continued from March 16, 1964, to March 17, 1964, by reason of counsel's being engaged in the Superior Court. On March 17, 1964, the motion was granted and Attorney

Munshin ordered to notify plaintiff of the court's order.

Although the Weller and Roberts cases, cited in point 2 above, concern civil suits under the Civil Rights Act which plaintiffs sought to file or prosecute in forma pauperis and although it may be deemed plaintiff has stated a cause of action under the Civil Rights Act in the case at bar, this court concludes that the rules announced in said cases, referred to above, are to that extent applicable herein, and for the foregoing reasons, motion of defendants to dismiss the within action is hereby ordered granted and the action is ordered dismissed as to all defendants.

It is further ordered that the Clerk shall this day serve copies of this order by United States mail upon the parties appearing in this case.