**Mervin Carlos McKINNEY, Plaintiff-Appellant,**

v.

**Joseph BOYLE, Edith White Boyle, his wife, and Reba J. Boyle, Defendants-Appellees.**

**No. 24698.**

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1971.

Mervin C. McKinney, in pro. per.

Leroy W. Hofmann, Kenneth S. Scoville, Phoenix, Ariz., for defendants-appellees.

Before BARNES, HAMLEY and CHOY, Circuit Judges.

CHOY, Circuit Judge:

McKinney appeals from a denial of his motion to vacate a judgment of dismissal of a tort action with prejudice. The judgment had been entered by the District Court of Arizona on December 4, 1962, upon stipulation of counsels of record for all parties. We affirm.

McKinney, a citizen of Utah, brought a diversity suit against appellees, citizens of Arizona, on April 26, 1961, alleging personal injuries suffered in an automobile accident. After he answered appellees' interrogatories on November 27, 1961, he took no further action in the case. Appellees gave notice to his attorney that they would take McKinney's deposition on December 6, 1962, but he was unavailable, being then a fugitive from justice.

The evidence indicated that appellant, his wife Dora Jane, and their three minor children were vacationing in California in August, 1961, when appellant deserted his family. At that time, he was at large under a $5,000 bond awaiting trial on criminal charges. His wife had signed as surety on the bond; and upon his flight, the bonding company took all her possessions. She and the children returned destitute to their home in Tucson.

Not having heard from appellant since his disappearance, being faced with the scheduled deposition-taking, and being unable to locate him, appellant's counsel and wife effected a settlement of the lawsuit with appellees' counsel for $6,000, and a dismissal of the action with prejudice was entered on December 4, 1962. From this sum, $2,000 was disbursed to appellant's attorney, $750 to appellant's mother to repay a loan to him, and the remainder went to satisfy his medical bills and other community obligations. Appellant's wife signed his name to the release form and to the $6,000 settlement check to effect its negotiation. She divorced him in early 1963 and remarried shortly thereafter.

Appellant was rearrested, convicted and eventually incarcerated at Folsom, California.

Appellant asserts that he first learned in September 1966 while in prison that his wife and lawyer had compromised the lawsuit. In June 1967, nine months later, he filed the motion to set aside the judgment of dismissal, alleging that it had been entered by fraud.

On September 12, 1967, the District Court denied the motion under Federal

Rules of Civil Procedure 60(b) (3)[1] as not having been timely made within one year after the judgment was entered. Appellant appealed to this court, and we reversed the District Court (McKinney v. Boyle, 404 F.2d 632 (1968)), being of the opinion that 60(b) (3) is not applicable since it pertains to setting aside a judgment for fraud or other misconduct of an *adverse party*. Here, the fraud, if any, was perpetrated by other than the appellees, so we ruled that the District Court should apply Rule 60(b) (6), a more general basis for relief, which was not limited to the one year requirement. We remanded to allow the District Court to reexamine appellant's contentions under that rule. Once again, on June 23, 1969, the District Court refused to vacate the December 4 dismissal with prejudice.

■ We agree with the District Court that appellant was unreasonably dilatory in letting four and a half years pass, including the nine months after he was informed of the dismissal, before taking his action. Rule 60(b) requires that in appellant's situation the motion be made within a reasonable time. His failure or inability to maintain contact with his counsel during his fugitive months was the consequence of his own wrongdoing; and even if incarcerated from 1963 through 1966, he could have communicated with his attorney to inquire as to the progress of his litigation. In

failing to do so, he is deemed to have acquiesced in the attorney's compromise. Combs' Adm'r v. Virginia Iron, Coal and Coke Co., 236 Ky. 524, 33 S.W.2d 649 (1931); Baumgartner v. Whinney, 156 Pa.Super. 167, 39 A.2d 738 (1944).

■ Further, while Arizona law recognizes the husband as manager of the community property, his willful abdication of this role allowed a transfer of that control to his spouse. City of Phoenix v. Dixon, 40 Ariz. 403, 12 P.2d 618 (1932). Under Arizona law, which we look to primarily in this diversity case, damages for personal injury to either spouse are community property. Tinker v. Hobbs, 80 Ariz. 166, 294 P.2d 659 (1956). By willful and protracted abandonment of his wife and children, appellant is deemed to have acquiesced in the assumption by his spouse of the position of manager of the community property. As such, she could settle a disputed personal injury lawsuit and assume control of the proceeds especially where, as here, the settlement was desperately needed to alleviate her and her children's destitution, and where knowledge by appellees of appellant's fugitive status would almost certainly have foreclosed any settlement and resulted in a motion to dismiss the action for lack of prosecution.[2]

■ Also, as appellees cogently contend, the untoward lapse of time since 1962 portends prejudice toward a meaningful defense. Witnesses have moved,

---

1. Rule 60(b)

> Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

2. Similarly, appellant's disappearance and abandonment of his family clothed his wife with apparent authority to act as his agent in compromising the pending lawsuit, Restatement of Agency, 2d sec. 27, 159; O. S. Stapley Co. v. Logan, 6 Ariz. App. 269, 431 P.2d 910 (1967); and to sign his name to the release form and the settlement check. Am.Jur.2d, "Agency" sec. 191.

memories have dimmed. It would be manifestly unfair to set aside the judgment of dismissal entered as the consequence of a bona fide and fair settlement and to require them to defend the tort action at this time.

■ Appellant also contends that the District Court erred in denying his motion to be brought from prison to participate in the hearing. When the plaintiff in a civil suit is confined in a state prison at the time of a hearing, he has no right to appear personally. Potter v. McCall, 433 F.2d 1087 (9th Cir., 1970); Edgerly v. Kennelly, 215 F.2d 420 (7th Cir., 1954).

■ Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, including the right given by 28 U.S.C. sec. 1654 to all parties in the courts of the United States to plead and conduct their own cases personally. Price v. Johnston, 334 U.S. 266, 285–286, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). The granting or denial of appellant's motion was within the discretion of the District Court. 28 U.S.C. sec. 1651; Price v. Johnston, *supra* at 285–286, 68 S.Ct. 1049. We find no abuse of that discretion.

Appellant had full notice of the proceedings in the District Court, filed briefs and affidavits with the court, and received a written opinion stating why his desired relief was denied. He received a full and fair hearing on the merits of his case. Potter v. McCall, *supra.*

During the pendency of this appeal, appellant filed various motions, two of which were left to us to consider; to wit, to strike a portion of appellees' brief and to require special findings of fact and separate conclusions of law as provided by F.R.Civ.P. Rule 52(a). We find both motions to be devoid of merit.

Affirmed.