891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Fesler LANCE, Plaintiff-Appellant,
v.
James B. WHEELIS, E. Eugene Atherton, E. Eugene Atherton,
P.C., et al., Defendants-Appellees.
 Nos. 88-4345, 88-4380.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Lance[1] appeals from the district court's denial of his motion for a nunc pro tunc order brought under Fed.R.Civ.P. 60(b)(4) to alter a judgment and order dismissing his action in March of 1984. He also appeals from the denial of his petition to file a reply brief. We affirm.
 
 
 3
 Lance contends that the district court incorrectly ruled on his motion because it did not hold a hearing or consider evidence; that the district court incorrectly denied his petition to file a reply brief; that an order entered in this action on December 15, 1983 which required Lance to shorten his complaint, denied him consulting counsel, required him to stop using scurrilous language, and dismissed certain judicial defendants was void; and that this court incorrectly limited review to two post-judgment motions in Docket No. 84-4084.
 
 
 4
 The only issues this court may review are the denial of the nunc pro tunc order and the denial of the petition to file a reply brief. All other contentions contained in Lance's brief are untimely, thus depriving us of jurisdiction to consider them. Fed.R.App.P. 4; Pettibone v. Cupp, 666 F.2d 333 (9th Cir.1981).
 
 
 5
 Lance brought an action in the district court of Montana alleging violation of his civil rights pursuant to 42 U.S.C. § 1983. In that action, the district court judge, on December 15, 1983, issued an order dismissing certain defendants, requiring Lance to shorten his complaint, and to stop using scurrilous language. Since Lance did not comply with that order, the judge granted defendants' motion to dismiss with prejudice. Lance brought a motion to reconsider that order, which the district court denied. Lance appealed to this court. Subsequently, Lance brought a second motion to reconsider, which also was denied and from which Lance also appealed. This court consolidated the appeals and reviewed the two reconsideration motions. On November 14, 1985, we issued a Memorandum Disposition affirming the district court in every respect. Specifically, we rejected Lance's argument that the district court's judgments were void under Rule 60(b)(4). Now, four years later, Lance would have us and the district court reconsider the previous disposition.
 
 
 6
 We review a denial of a Rule 60(b)(4) motion for an abuse of discretion. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 832 (9th Cir.), cert. denied, 479 U.S. 829 (1986). In reviewing decisions of the district court, the court of appeals may affirm on any ground finding support in the record. Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987).
 
 
 7
 Rule 60(b), which sets forth grounds for relief from judgment or order, provides that the motion shall be made within a reasonable time. Lance brought this motion to correct the record pursuant to Rule 60(b)(4) on September 9, 1988. Lance wanted to change, nunc pro tunc, an order entered on March 6, 1984, and a judgment entered on March 9, 1984, both of which have already been affirmed on appeal by this court. However, four and one half years have passed since the district court dismissed Lance's action. We find this protracted delay unreasonable even in light of Lance's incarceration. See, McKinney v. Boyle, 447 F.2d 1091 (9th Cir.1971) (where this court affirmed the district court's denial of a Rule 60(b) motion, after a delay of four and one half years, even where the moving party was incarcerated.) We affirm the district court's denial of Lance's Rule 60(b) motion.
 
 
 8
 Alternatively, this court has previously affirmed the district court's denial of a Rule 60(b)(4) motion brought by Lance challenging its order in a memorandum disposition on November 14, 1985. In that disposition we noted, "Appellant raises a claim for relief under subsection (4) stating that the district court was without jurisdiction or that he was denied basic due process, however, Rule 60(b)(4) does not apply. Watts v. Pickney, 752 F.2d 406, 409 (9th Cir.1985)" Appellees E.R. at p. 6, n. 1.
 
 
 9
 Lance also contends that the district court incorrectly denied his petition to file a reply brief. Since it is clear that the motion was not brought within a reasonable time, the district court did not err in denying the request to file a reply brief.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lance is now incarcerated in Montana serving time for a conviction not related to the instant case