James H. ANDERSON; et al., Plaintiffs—Appellees,

v.

Thomas ANDERSON, Defendant— Appellant.

No. 02–36152.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 12, 2003.

James H. Anderson, pro se, Bellevue, WA, Plaintiff–Appellee.

Patricia Anderson, pro se, Portland, OR, Plaintiff–Appellee.

Carlos Prado, pro se, Providencia, Santiago, Chile, Plaintiff–Appellee.

Thomas Anderson, pro se, Beaverton, OR, Defendant–Appellant.

Before GOODWIN, WALLACE and MCKEOWN, Circuit Judges.

MEMORANDUM **

Thomas Anderson appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b)(4) motion for relief from a 1999 judgment entered against him in a diversity action brought by James and Patricia Anderson, and Carlos Prado.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Based on a ruling in an unrelated tort action in which the United States District Court for the District of Nevada concluded that there was no diversity of citizenship between Thomas and Patricia Anderson, Anderson contends that there was no diversity between the same parties in this contract action and therefore the judgment is void for lack of subject matter jurisdiction. Anderson, however, waited more than three years from entry of the district court's judgment in this action and more than two years from entry of the judgment in the Nevada action, before he filed his motion to reopen. We hold that Anderson did not move to reopen the case within a "reasonable time." *See* Fed.R.Civ.P. 60(b); *McKinney v. Boyle*, 447 F.2d 1091, 1093 (9th Cir.1971). Accordingly, the district court's order is

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.