**ITEL CAPITAL CORP., etc.,**
**Plaintiff-Appellee,**

v.

**DENNIS MINING SUPPLY AND EQUIP-**
**MENT, INC., etc., and James H. Dennis,**
**Defendants-Appellants,**

v.

**Michael K. TEREBECKI,**
**Defendant-Appellee.**

No. 80–7274.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 24, 1981.

James H. Dennis, pro se.

Stephen Johnson, Jon R. Phillips, Gainesville, Fla., for defendants-appellants.

Thomas, Taliaferro, Forman, Burr & Murray, John D. Clements, William F. Murray, Jr., Birmingham, Ala., for ITEL Capital Corp.

Before GEWIN,* RONEY and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

James H. Dennis and Dennis Mining Supply and Equipment, Inc., appeal the district

* This case is being decided by a quorum due to the death of Judge Gewin on May 15, 1981. 28 U.S.C. 46(d).

court's denial of Dennis's petition for writ of habeas corpus *ad testificandum* on the ground that the petition was untimely filed. While agreeing with the result, the appellee, ITEL Capital Corp., questions the district court's assumption that it has the authority to grant a writ of habeas corpus *ad testificandum* outside of its territorial jurisdiction. ITEL also asserts that the district court did not abuse its discretion in denying the petition. We find that the district court has jurisdictional authority to issue a writ of habeas corpus *ad testificandum* requiring the transportation of prisoners incarcerated outside of their territorial jurisdiction to attend a civil trial before the district court, and that the district court did not abuse its discretion in denying Dennis's petition. We therefore affirm the decision of the district court.

## FACTS

In January 1980, James H. Dennis began serving a six-month sentence in the federal penitentiary in Atlanta, Georgia. A civil action brought by ITEL Capital Corp. was pending against Dennis and Dennis Mining Supply and Equipment, Inc., before the United States District Court for the Northern District of Alabama. On March 7, 1980, Dennis, acting without counsel, filed a petition for writ of habeas corpus *ad testificandum* which alleged that Dennis had a legitimate defense to offer which he would be unable to present if he were not present at trial. The district court denied the motion for the writ as untimely. On March 10, 1980, a jury trial was held in which Dennis was neither present nor represented by counsel. The jury heard no evidence on behalf of Dennis and returned a verdict against him totalling $733,474.69. The district court entered judgment on the jury verdict. Dennis brings this appeal challenging the judgment on the ground that the trial court unjustly denied his petition for writ of habeas corpus *ad testificandum*.

## ISSUES

We must determine whether a district court has the jurisdictional authority to issue a writ of habeas corpus *ad testificandum* requiring the presence of a prisoner at a civil trial when that prisoner is incarcerated outside of the district court's territorial jurisdiction. We must also review the facts of this particular case and determine whether the district court abused its discretion in denying appellant's petition.

## I.

Neither party has been able to bring to the court's attention a Fifth Circuit case dealing directly with the question of whether a district court has authority to issue a writ of habeas corpus *ad testificandum* extraterritorially. Appellants point to the Seventh Circuit's decision in *Stone v. Morris*, 546 F.2d 730 (7th Cir. 1976), in which that court held that district courts have such authority. Appellants urge this court to adopt this position in the Fifth Circuit. Appellees point to the case *Braden v. Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), in which the Supreme Court held that when a prisoner is not incarcerated within the territorial jurisdiction of the district court, that court has authority to issue a writ of habeas corpus only if the custodian of the prisoner can be reached by service of process. Rule 4(f) of the Federal Rules of Civil Procedure states that process may be served beyond the limits of the state in which the district court is held only when authorized by statute. Appellee asserts that no statute exists giving a district court authority to reach the prison authorities in another state by service of process.

Statutory authority for a district court to issue a writ of habeas corpus *ad testificandum* is found in 28 U.S.C. § 2241(C)(5). While the Supreme Court has not decided a case directly concerning issuance of a writ of habeas corpus *ad testificandum*, the Court's decision in *Carbo v. United States*, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961), directly addresses the question of whether a writ of habeas corpus *ad prosequendum* could be issued extraterritorially. The Court held that the territorial limitation in 28 U.S.C. § 2241(a), which

provides that writs of habeas corpus may be granted by district courts "within their respective jurisdictions," refers solely to the issuance of the Great Writ (habeas corpus ad subjiciendum) with which the bulk of the section is concerned, and not to issuance of the writ of habeas corpus *ad prosequendum.* We feel the decision in *Carbo* applies to writs of habeas corpus *ad testificandum* as well. This was the reasoning of the Seventh Circuit in deciding *Stone v. Morris.* Because we find statutory authority for issuing a writ extraterritorially, appellee's argument based on *Braden* must fail. We therefore adopt the rule in the Fifth Circuit that district courts have the authority to issue writs of habeas corpus *ad testificandum* extraterritorially.

## II.

Having reached that decision, we note that the district court acted under the assumption that it had authority to issue the writ extraterritorially. We must therefore review the decision of the district court to determine whether the court abused its discretion in denying Dennis's petition for a writ of habeas corpus *ad testificandum.* That denial was based solely on the court's finding that the petition was untimely.

Appellants point out factors to be considered by the district court in reviewing a petition for a writ as set out in *Ballard v. Spradley,* 557 F.2d 476 (5th Cir. 1977), *Stone v. Morris, supra,* and *Moeck v. Zajackowski,* 541 F.2d 177 (7th Cir. 1976). Appellants urge that Dennis's interest in his presence at trial outweighed any factors militating against his transportation from Georgia to Alabama. As to the untimeliness of the petition, appellants point out that the first indication on the record that Dennis received notice that the case was set for trial on March 10, 1980, is ITEL's motion for leave of court to take a deposition, dated February 20, 1980. In view of the fact that mail service to prisoners is slower than normal, appellants contend Dennis's response was not unduly delayed. Appellee contends that a review of the record provides ample justification for the district court's denial of

Dennis's petition, apart from the question of timeliness. As to the question of timeliness, appellee urges that the district court had ample justification for believing that Dennis knew of the trial date well in advance.

The Fifth Circuit has held that the decision to grant or deny a petition for a writ of habeas corpus *ad testificandum* should be based on the need for the prisoner's testimony *vis-a-vis* the difficulties attendant to securing it, rather than any conjecture as to the ultimate outcome of the action. *Ballard, supra.* The factors for consideration as laid out in *Ballard* are essentially the same as those in *Stone.* They include such factors as

whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted .... Should other considerations be present which cause a district court to conclude that the writ should not issue, a stay of the action may be appropriate.

557 F.2d at 480–81.

The district court based its denial of Dennis's petition on the ground that the petition was untimely filed. Dennis's petition was filed in the district court on March 7, a Friday, just three days prior to trial on March 10, a Monday. It is clear that if Dennis had adequate notification of the trial date, the district court did not abuse its discretion in denying the petition as untimely without consideration of the factors set out above. See *Peppard v. U. S.,* 314 F.2d 623 (8th Cir. 1963); *Brewer v. U. S.,* 150 F.2d 314 (9th Cir. 1945). On the other hand, if Dennis did not have adequate notification of the trial date, then his failure to file his petition at an earlier date would be justified, and the district court would be required to consider all of the factors of the case in determining whether to grant or deny the petition. The record does not reveal when Dennis was notified of the trial

date. Apparently, the case had not been set for trial as late as January 14, the date of the pretrial order. The first indication on the record that Dennis received actual notice that the case was set for trial is a motion for leave to take a deposition filed February 20, which contains a statement that the case was set for trial on March 10.

 The district court found as a matter of fact that Dennis knew "several weeks prior to the filing of the motion" that the action was set for trial on March 10. Unless this finding of fact is clearly erroneous, it must stand. It is evident that Dennis was aware of the civil proceedings pending against him, which were initiated long before he began his period of incarceration. He was initially represented by counsel, whom he subsequently dismissed. Although his petition to appear on behalf of Dennis Mining Supply and Equipment, Inc., was denied, he made no effort to retain counsel for this corporation. Nor did he move to stay the civil proceeding until the end of his six-month prison term, which would expire in July. For these reasons, we find that the district court did not abuse its discretion in denying Dennis's petition for writ of habeas corpus *ad testificandum.*

### CONCLUSION

We hold that district courts have authority to issue writs of habeas corpus *ad testificandum* requiring the presence in their court of prisoners incarcerated outside the territorial jurisdiction of the court. We further find that the district court did not abuse its discretion in denying appellant's petition for writ of habeas corpus *ad testificandum.* We therefore affirm the judgment of the district court.

AFFIRMED.