**In re WHET, INC., Debtor.**

**Bankruptcy No. 5–81–00813.**

United States Bankruptcy Court, D. Connecticut.

Oct. 7, 1981.

MOTION TO DISMISS; ANCILLARY MOTIONS

ALAN H. W. SHIFF, Bankruptcy Judge.

Background

On August 8, 1980, WHET, Inc. filed a voluntary petition under Chapter 11 in the Southern District of New York. On September 3, 1980, pursuant to a motion filed by a creditor, Judge Galgay of that court entered an order transferring the case to the District of Massachusetts, where it is presently pending. On June 19, 1981, Judge Lavien denied a motion, filed by Anthony R. Martin-Trigona for a change of venue from the District of Massachusetts to the District of Connecticut. Undeterred, Martin-Trigona, allegedly the sole shareholder and a creditor of WHET, Inc. filed a new petition for WHET, Inc. in the District of Connecticut on July 28, 1981. On August 5, 1981, David J. Ferrari, Chapter 11 trustee of WHET, Inc. in the District of Massachusetts, moved to dismiss the WHET, Inc. petition filed in this district.

DISCUSSION

1

Motion To Dismiss

The commencement of a case by filing a petition under the Bankruptcy Reform Act of 1978 creates an estate consisting of essentially all of the debtor's property.[1] Thus there can be but one case, and although various proceedings arising under or related to a case may be conducted in multiple districts, the administration of the estate

1. See 11 U.S.C. §§ 301, 302, 303 and 541.

must be confined to a single district to avoid confusion, conflict, inconsistency and a gross duplication of effort and expense to the judicial system and the parties involved.[2] How, for example, should a trustee from District A respond to a demand for the turnover of property by a trustee from District B? Does the filing of a second petition in District B stay the activities of the trustee in District A? There are obviously innumerable examples of the chaos and inefficiency which would result from the administration of an estate in more than one district. Suffice it to say that the rules of law and reason limit the administration of each estate to a single district.

By filing a petition in this district, Martin-Trigona in effect called upon this court to overrule Judge Lavien and compel the transfer of WHET, Inc. from the District of Massachusetts to the District of Connecticut. This court lacks authority to either overrule another bankruptcy judge[3] or to order the transfer of this case to the District of Connecticut.[4]

Recognizing the inherent problems created by dual administration of a single estate, Bankruptcy Rule 116(c)[5] establishes the procedure to be utilized in the event petitions are filed in more than one district. Under Rule 116(c) the court in which the first petition is filed determines where the case should proceed and until that determination has been made, all other proceedings on other petitions are stayed. Once a determination has been made, all other bankruptcy courts must proceed accordingly.

Although the Bankruptcy Reform Act does not specifically address the problem of multiple petitions,[6] Rule 116(c) is not incompatible with the Code.[7] See *In Re Burley*, 11 B.R. 369, 7 B.C.D. 861 (Bkrtcy.C.D.Cal. 1981).[8] Indeed, the effective administration of cases under the code requires adherence to Rule 116(c).

As recounted above, there have been two judicial determinations that WHET, Inc. should be administered in the District of

**2.** 28 U.S.C. § 1471(e) provides

The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located of the debtor, as of the commencement of such case.

**3.** Title IV, Bankruptcy Reform Act of 1978 Pub.L. No. 95–598, sec. 405(a)(1)(C). The United States Bankruptcy Judge has no power to hear an appeal from a judgment, order, decree or decision of another United States Bankruptcy Judge.

**4.** *In re Macon Uplands Venture*, 2 B.R. 435, 5 B.C.D. 1089 (Bkrtcy. D.Md.1979). The court in *Macon* relied in part on *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43 (2d Cir. 1961). The court in *National* noted that only the court in which a case is pending has the power to transfer that case under 28 U.S.C. 1404(a), the transfer provision for district courts. The second circuit based its conclusion on the language of the statute and the policy consideration that "the administration of justice would be chaotic indeed if one district court could order another to divest itself of jurisdiction and to transfer a case properly before it." *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43, 47.

**5.** Rule 116(c) *Procedure When Petitions Involving the Same Bankrupt Or Related Bankrupts Are Filed in Different Courts.* If petitions commencing bankruptcy cases or a bankruptcy case and any other case under the Act are filed in different districts by or against (1) the same bankrupt, or (2) a partnership and one or more of its general partners, or (3) 2 or more general partners, or (4) a bankrupt and an affiliate, the court in which the first petition is filed shall, after hearing on motion and notice to the petitioners and such other persons as the court may designate, determine the court or courts in which the case or cases should proceed in the interest of justice and for the convenience of the parties. The proceedings on the other petitions shall be stayed by the courts in which such petitions have been filed until such determination is made. Thereafter all the courts in which petitions have been filed shall proceed in accordance with the determination.

**6.** The new venue provisions do not expressly incorporate Rule 116(c). See 28 U.S.C. sections 1471(c), 1472, 1475 and 1477.

**7.** The rules remain effective under the Bankruptcy Code to the extent not inconsistent with the code until repealed or superseded by rules promulgated by Bankruptcy Reform Act, Pub.L. No. 95–598, sec. 247 (1978).

**8.** The court in *Burley* describes the function of Rule 116(c) in the context of the venue provisions of the Code.

Massachusetts.[9] Accordingly, pursuant to Rule 116(c), this court must either transfer the WHET, Inc. petition to the District of Massachusetts or dismiss this case. Since there has been no administration of WHET, Inc. in this district, transfer would be pointless. The Motion To Dismiss is therefore granted.

I have decided the Motion To Dismiss without a court hearing for the following reasons. All of the controlling facts are found in the petition and docket sheet of WHET, Inc. Oral argument by the parties would add nothing but redundant gloss.[10] Furthermore, Martin-Trigona's attempt to do indirectly, by filing a new petition in this district, what he failed to do directly in the District of Massachusetts, does not give him a second chance. He has or he had rights of appeal in other districts. This court cannot and will not be used to review the decision of bankruptcy judges in New York and Massachusetts. Any rights which he or any other "party in interest" might have to be heard in the "case" of WHET, Inc. pursuant to 11 U.S.C. Sec. 1109(b)[11] may, be asserted in the District of Massachusetts where this case is presently pending.

Under the circumstances, it is not only unnecessary for the parties to appear but the public expense of bringing Martin-Trigona from correctional facilities at Ashland, Kentucky and the expense to the estate of having the trustee travel from Boston, Massachusetts cannot be justified.

## II

Miscellaneous Motions Ancillary to Motion to Dismiss

Martin-Trigona has also filed various motions with respect to the WHET, Inc. petition. These motions, having been stayed under Rule 116(c), are now denied in accordance with the decision to dismiss. They are the following: 1) Motion To Extend Time For Filing Disclosure Statement; 2) Motion To Consolidate Both WHET, Inc. Cases In This District; 3) Motion To Consolidate WHET, Inc., New Haven Radio, Inc. and Anthony R. Martin-Trigona For Common Administration;[12] 4) Request And Demand For Debtor In Possession Status With Respect To WHET, Inc., New Haven Radio, Inc. and Anthony R. Martin-Trigona; 5) Motion To Appoint The Law Firm Of Weinstein and Weiner To Represent The Three

**9.** Judge Lavien summarized his decision to deny transfer to Connecticut as follows:

The change of venue was denied. That matter had not only long before been determined when the radio station cases were sent from the Bankruptcy Court of the Southern District of New York, one to Connecticut and one to Massachusetts, but the estate has been almost fully administered and a potentially advantageous sale would needlessly be put at risk with no showing of any likely benefit to the creditors or to the Debtor and, certainly, a change of venue to Connecticut would not be convenient for the WHET creditors. The interest of justice would be best served by continuing the administration as presently constituted. See 28 U.S.C. § 1475. *In re WHET, Inc.*, 12 B.R. 743, 747, 3 Bankr. L.Rep. Par. 68,274 (Bkrtcy., D.Mass.1981).

**10.** Consequently, Martin-Trigona's petition for Writ of Habeas Corpus Ad Testificandum is denied. However, even assuming a hearing was necessary, the petition would be denied. The factors for determining whether such a petition should be granted were provided in *Itel Capital Corp. v. Dennis Min. Supply & Equipment*, 651 F.2d 405 (5th Cir. 1981). Those factors include:

whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted ... Id. at 407, quoting *Ballard v. Spradley*, 557 F.2d 476, 480–81 (5th Cir. 1977). In this case the risk and expense of transporting Martin-Trigona to Connecticut cannot be justified since the issue presented involves the application of purely legal principles as to which this prisoner's testimony will serve no useful purpose.

**11.** Section 1109

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

**12.** New Haven Radio, Inc. and Anthony R. Martin-Trigona are both Chapter 11 debtors in this district.

Debtors In Possession; 6) Motion For Leave For The Three Debtors To Proceed in Forma Pauperis; 7) Demand For Transcript For Every Hearing That Has Been Held in Bridgeport Since The Cases Were Transferred To Bridgeport; 8) Motion For Continuance Of Hearings Concerning Debtors Pending Appointment Of Counsel, Consultation of Counsel With Client, and Release of Debtor From Confinement; 9) Petition For Writ of Habeas Corpus Ad Testificandum.[13]

13.  See footnote 10 *supra.*