**In re NEW HAVEN RADIO, INC., Debtor.**

**Anthony R. MARTIN–TRIGONA, Debtor.**

**Bankruptcy Nos. 5–81–00253, 5–81–00254.**

United States Bankruptcy Court, D. Connecticut.

March 2, 1982.

---

### MEMORANDUM AND ORDER

### IN FORMA PAUPERIS, APPOINTMENT OF COUNSEL, TRANSCRIPTS, SERVICE OF PLEADINGS

ALAN H. W. SHIFF, Bankruptcy Judge.

This matter comes before the court on Anthony R. Martin-Trigona's (Martin-Trigona) "Motion/Demand For Appointment of Counsel, Motion/Demand For Service of Papers, Motion/Demand For Transcript" filed in *In re New Haven Radio, Inc.* (Case No. 253) and *In re Anthony R. Martin-Trigona* (Case No. 254) on January 18, 1982.[1] Insofar as these motions allude to earlier motions filed by Martin-Trigona for *in forma pauperis* relief, seeking the appointment of counsel and transcripts, the earlier motions will be addressed first as background to the motions under consideration.

At the outset, it should be noted that in Case No. 254 Martin-Trigona is a debtor

---

1. I have decided to consider these motions without a court hearing for the reason that all of the controlling facts are found in the pleadings and oral argument would add nothing to a resolution of the legal principles involved. Further, Martin-Trigona has disrupted the court proceedings on each occasion he was allowed to attend. Finally, on January 15, 1982 and on other prior occasions, Martin-Trigona indicated that he would not participate in the proceedings. In fact, on January 6, 1982 he stated that

under Chapter 7[2] and in Case No. 253 he is allegedly a creditor and the sole shareholder of New Haven Radio, Inc., a debtor under Chapter 11 of the Bankruptcy Code. In addition, Martin-Trigona is currently a federal prisoner.

I

BACKGROUND

The motion for appointment of counsel, filed on January 18, 1982, apparently refers to an earlier motion filed in *In re Whet* on August 27, 1981, which in turn was incorporated in a motion for leave to proceed *in forma pauperis* filed in *In re Whet* on September 10, 1981. *In re Whet*, another case in which Martin-Trigona claims an interest, was filed in this district under Chapter 11 on July 28, 1981. At that time, another Chapter 11 *Whet* case was pending in the United States Bankruptcy Court for the District of Massachusetts. Prior to the filing of *Whet* in this court, the Massachusetts bankruptcy court denied a motion to transfer that case to this district. On October 7, 1981, this court dismissed the *Whet* case pending in this district pursuant to Bankruptcy Rule 116(c) and denied all the motions filed in that case, including the motions seeking *in forma pauperis* status, the appointment of counsel and the furnishing of transcripts. *See In re Whet*, 14 B.R. 695 (Bkrtcy.1981).

Although Martin-Trigona now asserts that this court has not ruled on his earlier motions for the appointment of counsel and the furnishing of transcripts, it should be noted that those motions were incorporated by reference in the motions he filed in *Whet* which, as stated above, were denied when *Whet* was dismissed.

II

IN FORMA PAUPERIS

Since Martin-Trigona's previous motions for the appointment of counsel and the

furnishing of transcripts were presented upon his claim that he was entitled to proceed *in forma pauperis*, it is assumed that the instant demands are also made pursuant to the law governing *in forma pauperis* proceedings. Thus a brief discussion of a debtor's right to *in forma pauperis* status follows.

It should initially be noted that there is some question regarding the applicability of *in forma pauperis* proceedings in the bankruptcy court. While 28 U.S.C. § 1915(a) provides for the filing of suits *in forma pauperis* in "Any court of the United States . . .", bankruptcy courts are not included until April 1, 1984. Sections 213 and 402 of the Bankruptcy Reform Act of 1978, Pub.L. 95–598; *see also Kras v. United States*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

The court, however, need not determine the extent to which *in forma pauperis* proceedings are available in the bankruptcy court because, in applying the standards applicable under 28 U.S.C. § 1915, it is apparent that Martin-Trigona's demands are without merit.

■ In a non-bankruptcy context, *in forma pauperis* status, in a civil action for damages, is a privilege not a right. The granting of that privilege is within the discretion of the district court and is only permitted in exceptional circumstances. *Rhodes v. Houston*, 258 F.Supp. 546 (D.Neb. 1966), *affirmed*, 418 F.2d 1309 (8th Cir. 1969), *cert. denied*, 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970). The same standard should logically be required in a bankruptcy court. *See In re Linde*, 4 B.C.D. 1136 (Bankr.C.D.Cal.1978). Indeed, otherwise by bankruptcy code definition virtually every individual debtor would qualify for *in forma pauperis* relief.

The *in forma pauperis* provisions do not authorize the court to order the expenditure of federal funds for the appointment of counsel. *Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624 (E.D.Va.1979); *see also*

---

he wanted to be returned to prison and insisted that the U. S. Marshals remove him from court.

**2.** *In re Anthony R. Martin-Trigona* was converted to a case under Chapter 7 on January 22, 1982.

31 U.S.C. § 665. Section 1915(d) merely authorizes the court to *request* an attorney to represent an indigent. *Rhodes v. Houston, supra* 258 F.Supp. at 579.

█ Furthermore, Martin-Trigona has failed to demonstrate the requisite exceptional circumstances warranting a request by this court for the services of counsel. Martin-Trigona has already had two attorneys of record in these cases. On January 6, 1982, during testimony in this court, he referred to several attorneys currently representing him in other forums, and in a disclosure statement he filed in this court on January 21, 1982 in case No. 253 he referred to representation by various attorneys. Moreover, Martin-Trigona is a law school graduate who passed the Illinois bar examination, though he was not admitted to practice. *See In re Martin-Trigona,* 55 Ill.2d 301, 302 N.E.2d 68 (1973), *cert. denied,* 417 U.S. 909, 94 S.Ct. 2605, 41 L.Ed.2d 212 (1974).

Finally, an analysis of the January 18, 1982 motion/demand for the appointment of counsel reveals that it is premised upon his belief that the court was about to find him in contempt and either certify the contempt to the district court or impose sanctions. In fact, this court had already found Martin-Trigona in civil contempt on January 15, 1982 (at his insistence) and the formal pronouncement of the sanction for that contempt on January 18, 1982 was merely to enunciate the court's order. The argument of counsel at that time would not have been appropriate or allowed even if Martin-Trigona had been represented.

### B.

### MOTION/DEMAND FOR TRANSCRIPTS

█ Martin-Trigona's January 18, 1982 motion/demand for transcripts for all "ex parte" proceedings is also without any merit. Since he needs no court order for the production of any transcript he wishes to purchase, see Rule 511(b), Rules of Bank-

ruptcy Procedure, it is assumed that he demanded the transcripts at government expense. In that regard, there is no authority for such federal expenditure.

The only authority for the production of a transcript at government expense relates to "Fees for transcripts furnished in proceedings to persons permitted to appeal in forma pauperis . . . out of money appropriated for that purpose if the trial judge . . . certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 773(c).[3] Beyond the fact that section 773(c) is not effective until April 1, 1984, see Section 233 and 402 of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, the demand here does not relate to an appeal. *See generally Harless v. United States,* 329 F.2d 397 (5th Cir. 1964) (noting in a criminal case that "[t]he statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation" at 398–399).

It should also be pointed out that Martin-Trigona's criticism of "ex parte" proceedings is misplaced. His absence from court, after he was brought here from federal prison in Kentucky, was the result of his own conduct. In addition to interfering with, interrupting and frustrating the proceedings to which he was invited on January 6, 1982, Martin-Trigona, as stated above, insisted upon being removed from the courtroom and on January 15 when he refused to testify, he was removed from court after being found in civil contempt.

### C.

### MOTION/DEMAND FOR SERVICE OF PAPERS

█ Martin-Trigona asserts his belief that the court received pleadings which he has not received and accordingly has moved to stay all proceedings until he is served

---

**3.** Cf. Bankruptcy Rule 806 which makes no provisions for transcripts at government expense.

with all prior pleadings. The court is unaware of the pleadings to which Martin-Trigona refers and accordingly has no basis for determining whether or not he was served or entitled to service. Since Martin-Trigona is currently a debtor under Chapter 7, service of all papers filed in these cases may not be required.

For the above reasons

IT IS ORDERED that the Motion/Demand for Appointment of Counsel, Motion/Demand For Service of Papers, and Motion/Demand For Transcript are denied.