James ATKINS, Plaintiff,

v.

The CITY OF NEW YORK, New York City Police Department, Police Officers Justice, Shield No. 10274, Tudor, Shield No. unknown, Sergeant Betterly, Shield No. unknown, and Detective Williams, Shield No. unknown, individually and in their official capacities as Police Officers of the City of New York, Defendants.

No. 91–CV–2465 (JS).

United States District Court, E.D. New York.

July 7, 1994.

Law Offices of Frederick K. Brewington by Frederick K. Brewington, New York City, for plaintiff.

Corporation Counsel of the City of New York by Scott A. Korenbaum, New York City, for defendants.

## MEMORANDUM AND ORDER

SEYBERT, District Judge:

This is a civil-rights action brought under 42 U.S.C. § 1983 against the City of New York, the New York City Police Department, and four separate New York City police officers and detectives. Defendants now move for an order, pursuant to 28 U.S.C.

§§ 1651(a) and 2241(c)(5), granting their request for a writ of habeas corpus *ad testificandum* directing the production of an incarcerated non-party witness named James Griswald to testify at their trial. Plaintiff does not oppose this motion. For the reasons discussed herein, defendants' motion is granted.

## BACKGROUND

Plaintiff James Atkins alleges, *inter alia*, that on February 26, 1990, the defendant police officers arrested him without probable cause as he walked down a street, and proceeded to beat him. He further alleges that the City of New York negligently trained and hired the police officers in question, and that such course of conduct contributed to their behavior.[1] Plaintiff asserts civil-rights claims against each of the defendants under 42 U.S.C. § 1983.[2] The action is presently on the Court's 72–hour trial-ready list.

Defendants now move for an order, pursuant to 28 U.S.C. §§ 1651(a) and 2241(c)(5), granting their motion for a writ of habeas corpus *ad testificandum* for the production of a non-party witness, James Griswald, to testify at trial. Mr. Griswald is presently incarcerated for various drug-possession offenses in Bayside State Prison in Leesburg, New Jersey, having been sentenced in 1993 to a term of five years with no opportunity for parole before three years. The writ would also provide for Mr. Griswald's temporary detention at the Metropolitan Correctional Center ["MCC"] in Manhattan until such time as the Court directs that the writ has been satisfied.

Defendants assert that Griswald's in-court testimony is vital to their defense because he is expected to testify that he accompanied the plaintiff to the incident in question, and that plaintiff intended to engage in a drug transaction. Defendants further argue that the expected effectiveness of Gris-

---

1. By Order dated March 25, 1992, the Honorable I. Leo Glasser, United States District Judge for the Eastern District of New York, bifurcated the issue of municipal liability. A separate trial, if necessary, would be required with respect to this issue.

2. Plaintiff has consented to the dismissal of all of his pendent state-law claims on the ground that they are barred by the statute of limitations.

wald's in-court testimony would exceed substantially the probative value of introducing his deposition testimony into evidence.[3] They moreover assert that their motion should be granted at this time because the case is currently on the Court's 72–hour trial-ready list, and the New Jersey correctional system would require 48 hours to arrange the transfer of Mr. Griswald.

Defendants make two qualifications to their motion that are of note. First, defendants request that the writ not issue until *after* the Court has established a firm trial date. Second, according to the terms of the proposed writ that has been submitted in conjunction with their motion, the City of New York would bear both the transportation costs of the New Jersey Department of Corrections, and the reasonable costs incurred by the United States Marshal and the United States Bureau of Prisons in implementing the terms of the writ.

## DISCUSSION

■ 28 U.S.C. § 2241(c)(5), in tandem with 28 U.S.C. § 1651(a),[4] permit a federal court, when necessary, to issue a writ of habeas corpus *ad testificandum.* The purpose of this writ is to direct the custodian of a prisoner to produce such prisoner for appearance in court. *See United States v. Gotti,* 784 F.Supp. 1011, 1012 (E.D.N.Y.1992), *aff'd sub nom. United States v. Locascio,* 6 F.3d 924 (2d Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1645, 128 L.Ed.2d 365 (1994).

■ The decision to issue a writ of habeas corpus *ad testificandum* is committed to the sound discretion of the district court.[5] *See Haywood v. Hudson,* CV–90–3287 (CPS), 1993 WL 150317, at *1 (E.D.N.Y. Apr. 23, 1993). The factors that a court should consider in exercising this discretion include:

---

3. This deposition testimony would be excepted from the hearsay rule pursuant to Fed.R.Evid. 804(b)(1) as the former testimony of an unavailable witness for whom the adverse party had an opportunity to develop such testimony by direct, cross, or redirect examination.

4. 28 U.S.C. § 1651(a) authorizes "[t]he Supreme Court and all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

■ whether the prisoner's presence will substantially further the resolution of the case, [2] the security risks presented by the prisoner's transportation and safekeeping, and [3] whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*Id.* (quoting *Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir.1977)). In addition to the foregoing items, a court should consider any jurisdictional limitations arising from the inmate's incarceration in a prison located in a state other than that in which the district court sits. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law.") (emphasis added).

Turning to the instant case, defendants have attested that Griswald will be incarcerated until at least 1996, and that he has not committed an offense involving physical violence. Accordingly, the discussion that follows shall consider primarily whether Griswald's attendance at trial will substantially further the resolution of the case, and the jurisdictional concerns arising in connection with the issuance of a writ to a New Jersey custodian.

### 1. Necessity of Griswald's In–Court Testimony

Defendants argue that Griswald's attendance at trial is essential to their defense because he accompanied the plaintiff to a putative drug deal, at which point plaintiff was beaten by the arresting officers. Griswald's expected testimony would therefore contradict one of plaintiff's seminal assertions, namely, that the defendant police offi-

---

28 U.S.C. § 2241(c)(5), in turn, provides that "[a] writ of habeas corpus shall not extend to a prisoner unless [i]t is necessary to bring him into court to testify or for trial."

5. In view of the substantial public interest that is implicated through the issuance of this writ, the Court does not regard the absence of any opposition to the defendants' motion by the plaintiff to be dispositive to the determination of whether the writ should issue.

cers lacked probable cause to arrest the plaintiff.

■ The cogent question that the Court must address is not merely whether Griswald's expected testimony would be relevant, but rather, whether such testimony is *necessary*. This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate to court from a correctional facility.

An example of the relevant inquiry is provided by *Haywood v. Hudson*, CV–90–3287 (CPS), 1993 WL 150317 (E.D.N.Y. Apr. 23, 1993). In *Haywood*, the plaintiff sought to obtain a writ for the production of two separate incarcerated witnesses who purportedly observed plaintiff's mental state through his speaking in his sleep, and for a third incarcerated witness who would testify concerning unrelated incidents within the prison that would be introduced to show a course of conduct. Judge Sifton concluded that, although such testimony would be relevant, it would not advance plaintiff's case substantially, and therefore did not outweigh the security and expense considerations associated with transporting these witnesses to plaintiff's trial. *See id.* at *6.

■ The instant case presents circumstances vastly distinguishable from those presented in *Haywood*. First, unlike *Haywood*, the writ is requested by the *defendants*. It would seem that the interests of justice favor extending to a defendant the benefit of the doubt to enable him to rebut effectively the plaintiff's allegations. Second, Griswald's testimony would appear to be pivotal to the defense. The defendants assert that Griswald will testify that he accompanied the plaintiff to the incident in question, and that the plaintiff intended to engage in a drug transaction. The power of in-court testimony to this effect would exceed substantially the presentation of such evidence through the reading of a deposition transcript. Finally, since the City of New York has offered to bear all associated costs, there is no concern with respect to the expense of transporting Griswald to the MCC in Manhattan and maintaining him there until the conclusion of trial. Accordingly, the Court finds that the balance of equities favors directing the production of Griswald to testify at trial.

## 2. Jurisdictional Concerns

The remaining factor to be considered is jurisdictional in nature, and arises under 28 U.S.C. § 1651(a), which authorizes a federal court to "issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." Specifically, the Court must determine whether it has the power to issue a writ to direct the production of an inmate incarcerated in a New Jersey state correctional facility.

The Court's research reveals surprisingly sparse case law dealing with this question. Indeed, the Second Circuit Court of Appeals does not appear to have considered this issue directly. *See Adan v. Abbott*, 85 Civ. 8771 (RWS), 1986 WL 4544, at *1 (S.D.N.Y. Apr. 10, 1986) ("[T]here is no precedent within this circuit" for the extraterritorial issuance of a writ of habeas corpus *ad testificandum.*). The Court is able to find but one unreported case within this Circuit that even supports an inference that this question had been considered by the court. *See Barnett v. Moon*, 89–CV–262, 1993 WL 133725, at *1 (N.D.N.Y. Apr. 23, 1993) (noting earlier issuance of a writ of habeas corpus requiring the production of an inmate by the California Department of Corrections).

■ Although the number of reported cases in the other circuits that have considered this question can hardly be regarded as abundant, the prevailing view of the appellate courts favors the extraterritorial application of a writ of habeas corpus *ad testificandum* in appropriate circumstances. *See, e.g., Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 114 (4th Cir.1988); *Itel Capital Corp. v. Dennis Mining Supply and Equip., Inc.*, 651 F.2d 405, 407 (5th Cir.1981); *Stone v. Morris*, 546 F.2d 730, 737 (7th Cir.1976). This determination has been premised upon the circuit courts' conclusion that the jurisdictional language of 28 U.S.C. § 1651(a) was intended by Congress to apply solely to the issuance of the "Great Writ," or habeas corpus *ad subjiciendum*. *See Muhammad*, 849

F.2d at 114; *Itel,* 651 F.2d at 407; *Stone,* 546 F.2d at 737. Analogizing Supreme Court precedent that has permitted the extraterritorial application of a writ of habeas corpus *ad prosequendum,* the circuits have concluded that, in an appropriate case, a district court may issue a writ of habeas corpus *ad testificandum* unfettered by jurisdictional restraints. *See Muhammad,* 849 F.2d at 114 (citing *Carbo v. United States,* 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961)); *Itel,* 651 F.2d at 407 (same); *Stone,* 546 F.2d at 737 (same).

■ The Court finds the reasoning of the Fourth, Fifth and Seventh Circuits to be persuasive, and further finds that the confluence of circumstances warrants the extraterritorial application of the requested writ in this case. As to these circumstances, the Court would like to comment upon two. First, the issuance of the writ is not the sole basis for jurisdiction in this action. Rather, the writ is ancillary to an action for which subject matter jurisdiction is founded upon 42 U.S.C. § 1983. Second, the interests of justice favor the production of the incarcerated witness. If Griswald were not to testify, the factual resolution of the police officers' probable cause to make an arrest would hinge almost entirely upon the jury's credibility determinations with respect to the defendant police officers and the plaintiff. Griswald's production at trial infuses an additional element into the evidentiary mix, namely, an eyewitness who is expected to testify as to the plaintiff's motive and behavior in connection with the incident in question. The introduction of deposition testimony in Griswald's place would not afford the jury the same opportunity to evaluate Griswald's credibility. In sum, the substantial probative value of Griswald's in-court testimony, coupled with the absence of controlling authority directing a jurisdictional restraint, leads the Court to conclude that the requested writ should be issued.

### CONCLUSION

Defendants' motion requesting the issuance of a writ of habeas corpus *ad testificandum* is granted. This writ will be issued by the Court when the instant case is called for trial from the Court's 72–hour trial-ready list.

SO ORDERED.