**Herbert GREENE, Plaintiff,**

v.

**K.W. PRUNTY, et al., Defendants.**

**No. CV 94–1516 BTM (LSP).**

United States District Court,
S.D. California.

May 17, 1996.

Herbert Greene, Corcoran, CA, Pro Se.

Daniel E. Lungren, Atty. General, Scott C. Taylor, Deputy Atty. General, San Diego CA, for defendants.

## ORDER TO SUBMIT AFFIDAVIT IN SUPPORT OF WRIT OF HABEAS CORPUS AD TESTIFICANDUM AND SETTING PRETRIAL AND TRIAL DATES

MOSKOWITZ, District Judge.

### INTRODUCTION

Plaintiff, Herbert Greene, has brought a civil rights action pursuant to 42 U.S.C. § 1983 against Officer Konkel of the Calipatria State Prison. Plaintiff Greene, an inmate at Calipatria, has moved the Court for an order, pursuant to 28 U.S.C. §§ 1651(a) and 2241(c)(5), granting his request for writs of *habeas corpus ad testificandum* directing the production of inmate-witnesses at trial, two of which are incarcerated outside of this district. The defendant opposes this motion.

### DISCUSSION

■ 28 U.S.C. § 2241(c)(5), in conjunction with 28 U.S.C. § 1651(a),[1] permits a federal court, when necessary, to issue a writ of *habeas corpus ad testificandum*. The purpose of this writ is to direct the custodian of a prisoner to produce the prisoner for appearance as a witness in court. The decision to issue a writ of *habeas corpus ad testificandum* is committed to the discretion of the district court. *See Atkins v. City of New York*, 856 F.Supp. 755, 757 (E.D.N.Y.1994).

### A. Jurisdictional Concerns

The power of the district courts to issue writs of *habeas corpus ad testificandum* stems from 28 U.S.C. § 2241. The defendant, relying on § 2241, subd. (a), argues that the writ of *habeas corpus* may be granted only within the district court's respective jurisdiction.

In *Carbo v. United States*, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961), the United States Supreme Court held that the language in 28 U.S.C. § 2241(a) limiting the issuance of writs of *habeas corpus* by judges within their respective jurisdictions applies only to writs of *habeas corpus ad subjiciendum* (those testing the legality of imprisonment) and not *ad prosequendum* (those ordering the production of a prisoner for prosecution). Thus, the Supreme Court held that a district judge in the Southern District of California had jurisdiction to issue a writ of *habeas corpus ad prosequendum* to a New York City prison to produce a prisoner for trial in federal court in California. The Court, however, expressly noted that it was not deciding whether the writ of *habeas corpus ad testificandum* was subject to the jurisdictional limitation of 28 U.S.C. § 2241(a). *Carbo*, 364 U.S. at 618, n. 13, 81 S.Ct. at 342, n. 13.

■ Courts that have considered the territorial reach of writs of *habeas corpus ad testificandum* after *Carbo* have concluded that such writs can be issued to produce a person incarcerated outside of the district to testify. The prevailing view of the appellate courts favors the extraterritorial application of a writ of *habeas corpus ad testificandum* in appropriate circumstances. *See Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 114 (4th Cir.1988); *Itel Capital, Corp. v. Dennis Mining Supply and Equip., Inc.*, 651 F.2d 405, 407 (5th Cir.1981); *Stone v. Morris*, 546 F.2d 730, 737 (7th Cir.1976); *see also Maurer v. Pitchess*, 530 F.Supp. 77 (C.D.Cal.1981), *aff'd in part, rev'd in part*, 755 F.2d 936 (9th Cir.1985). These courts

1. 28 U.S.C. § 1651(a) authorizes "[t]he Supreme Court and all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

28 U.S.C. § 2241 provides that, (a) "Writs of *habeas corpus* may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions ... (c) The writ of *habeas corpus* shall not extend to a prisoner unless ... (5) [i]t is necessary to bring him into court to testify or for trial."

have found that the Supreme Courts' reasoning as to the basis for the extraterritorial application of a writ of *habeas corpus ad prosequendum* applies equally to writs *ad testificandum. Atkins,* 856 F.Supp. at 759; *see Muhammad,* 849 F.2d at 114 (*quoting, Maurer v. Pitchess,* 530 F.Supp. at 79); *Itel,* 651 F.2d at 407; *Stone,* 546 F.2d at 737.

The Court finds the reasoning of the Fourth, Fifth and Seventh Circuits and the district court for the Central District of California to be persuasive. The Court further finds support for extraterritorial application of a writ of *habeas corpus ad testificandum* when it is ancillary to an action for which subject matter jurisdiction is founded upon 42 U.S.C. § 1983. *See Atkins,* 856 F.Supp. at 759. In sum, the Court has jurisdiction to issue a writ of *habeas corpus ad testificandum* outside of its respective jurisdiction.

### B. *Necessity of Inmate Testimony*

■ In order to grant the writ of *habeas corpus ad testificandum* the Court must determine not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary. This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility. *Atkins,* 856 F.Supp. at 758; *see Muhammad,* 849 F.2d at 112; *Cookish v. Cunningham,* 787 F.2d 1, 5 (1st Cir.1986).

The standard for issuance of the writ is also similar to that employed pursuant to Fed.R.Crim.P. 17(b). "Courts have generally required criminal defendants requesting such writs [of *habeas corpus ad testificandum* ] to comply with Fed.R.Crim.Proc. 17(b), which looks for 'a satisfactory showing ... that the presence of the witness is necessary to an adequate defense.' " *United States v. Smith,* 924 F.2d 889, 896 (9th Cir. 1991) (*quoting, United States v. Rinchack,* 820 F.2d 1557, 1567 (11th Cir.1987)). The Ninth Circuit has adopted the following standard on necessity:

If the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.

*United States v. Sims,* 637 F.2d 625, 627 (9th Cir.1980). The Court may also consider whether testimony is cumulative, *United States v. Henry,* 560 F.2d 963, 965 (9th Cir. 1977), and the difficulties in securing a prisoner's testimony versus the actual need for such testimony. *United States v. Rinchack,* 820 F.2d 1557, 1568 (11th Cir.1987).

■ Therefore, the Court finds that the party requesting a writ of *habeas corpus ad testificandum* must set forth in a sworn affidavit (1) what the inmate-witness will testify to; (2) how the plaintiff knows that the inmate-witness will testify as such; and (3) why the testimony is necessary. The State can oppose the writ with an affidavit showing that the inmate-witness would not provide such testimony, that such testimony is unnecessary or that the movement of the prisoner would create actual and substantive security risks. The State may obtain information relating to the issue of the potential inmate-witness' knowledge from an interview with the inmate-witness(es). If a dispute exists as to whether the inmate-witness actually has relevant testimony, the Court will hold a hearing and requests the State, if it is opposing the issuance of the writ, to make the inmate-witness available telephonically so that the Court and the parties may inquire, with due regard for any privileges of the inmate-witness, whether he or she has relevant testimony. If the Court determines that the inmate-witness has relevant testimony, then the Court must determine whether the testimony is necessary and whether any real security risks are involved. If security concerns exist, the Court will determine whether a deposition may be taken or whether the witness can testify telephonically with appropriate instructions to the jury noting the distance of the inmate-witness away from

the court-house and that they should consider the testimony as if it were live.[2]

### C. *Expenses*

■■■ The Ninth Circuit has concluded that a district court judge has the discretion to allocate the costs of compliance with a writ of *habeas corpus ad testificandum* in several ways. *Wiggins v. Alameda County*, 717 F.2d 466, 469 (9th Cir.1983), *cert. denied*, 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984). These combinations include the sharing of costs,[3] as well as imposing full costs on the United States,[4] or imposing the full costs on the State. *See Wiggins v. Alameda County*, 717 F.2d 466, 469 (9th Cir.1983) (the Court found no Congressional nor statutory authority for reimbursement of witnesses when district court judge imposed on the state the full costs of compliance with a writ of habeas corpus ad testificandum). Furthermore, if some or all the costs are imposed either on the United States or the State for the responsibility, costs of transportation and safekeeping of the inmate-witness, the United States or State cannot excuse the performance of its duty by projecting that the physical and monetary burdens will render performance impossible. *Ballard*, 557 F.2d at 481. Once the district court has determined that the prisoner's presence is essential and not outweighed by security concerns, the possibility that a lack of transportation funds or personnel will develop is not a justification for refusing to issue the writ. *Id.* Thus, the Court finds it may impose the cost of transporting a necessary inmate-witness on the State.[5]

### *ORDER*

Plaintiff shall serve and file a sworn affidavit establishing the appropriateness of the issuance of a writ of *habeas corpus ad testificandum* in support of his motion on or before July 5, 1996. The defendant shall serve and file any opposition on or before August 2, 1996.

If the State opposes the writ of *habeas corpus ad testificandum*, a hearing will be held on August 8, 1996 at 8:30 a.m., and the State shall make plaintiff and the inmate-witness(es) available by telephone for the hearing.

A final pretrial conference will be held on September 18, 1996 at 4:00 p.m. The trial will commence on October 16, 1996 at 9:00 a.m.

**IT IS SO ORDERED.**

**2.** In *Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 756 F.Supp. 1393 (D.Or.1990), *aff'd sub nom. Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385 (9th Cir.1993), plaintiffs objected to the use of telephone testimony by witnesses from out of state. Pursuant to Fed. R.Civ.P. 43(a), the objections were overruled, "as the testimony was made in open court and under oath," and allowed the Court "a greater opportunity to evaluate the credibility of witnesses than through deposition testimony...." *Id.* at 1398–99, n. 2 (while the Ninth Circuit did not address the telephonic testimony issue, the case was affirmed on appeal). *But see, Murphy v. Tivoli Enterprises*, 953 F.2d 354, 358–59 (8th Cir.1992) (holding that telephone testimony is not permissible under Fed.R.Civ.P. 43(a)).

**3.** *See Ballard v. Spradley*, 557 F.2d 476, 481 (5th Cir.1977); *Story v. Robinson*, 689 F.2d 1176, 1179–80 (3d Cir.1982).

**4.** See 28 U.S.C. §§ 567(2), 569(b).

**5.** The California Attorney Generals' Office, which represents the defendant, opposes the taking of an inmate-witness' deposition. The Attorney Generals' Office may offer to pay the nominal costs of a deposition and save the State the greater costs of transportation of an inmate-witness. The Court would consider such an offer in balancing the need for transporting the inmate-witness from a distant prison to court.