NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009[*]
Decided October 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-4003

SHAHEED TAALIB'DIN MADYUN,
    *Plaintiff-Appellant,*

    *v.*

KIRBY LINJER,
    *Defendant-Appellee.*

Appeal from the United States District
Court for the Western District of Wisconsin.

No. 08-cv-032-bbc

Barbara B. Crabb,
*Chief Judge.*

**O R D E R**

    Shaheed Madyun, a Wisconsin prisoner, has been engaged in ongoing and disjointed litigation with Kirby Linjer and other prison officials concerning alleged violations of his Eighth Amendment rights. His claims were rejected either at summary judgment or at trial. He now appeals and we affirm.

---

    [*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

These proceedings have been protracted.  In 2004 Madyun brought a multi-claim suit in federal court in the Eastern District of Wisconsin against Linjer and other officials at three different correctional institutions for, among other things, (1) prolonging his exposure to smoke from a fire set by another inmate in 2001, and (2) assaulting him in a cell in 2002 in order to intimidate him from filing further lawsuits.  All claims were ruled on at summary judgment or were dismissed for failure to exhaust administrative remedies.  In particular, the court dismissed the assault claim for failure to exhaust administrative remedies and granted the defendants summary judgment on the smoke-exposure claim.

In 2007 Madyun returned to federal court, this time in the Western District of Wisconsin, and filed a new complaint reviving many of the claims from his previous suit, including both his assault claim and smoke-exposure claim.  (Claim preclusion did not apply to the smoke-exposure claim because it was brought against a different defendant.)  At screening, the court dismissed a number of defendants, but allowed Madyun to proceed on sixteen different claims against various defendants from three correctional institutions.  Following this court's decision in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the court later severed these claims into nine separate lawsuits.   Of relevance to this appeal, the assault and smoke-exposure claims were consolidated into one suit.

Both claims were ultimately rejected.  The district court again dismissed the assault claim because Madyun, as in the 2004 proceedings, failed to exhaust administrative remedies.  The smoke-exposure claim was allowed to proceed to trial.  In preparation for trial, Madyun sought the issuance of a writ of habeas corpus ad testificandum for inmate Daniel Vanderpool so that Vanderpool could testify about Linjer's actions during the fire, but the court denied the request after Madyun missed his deadline and failed to show that Vanderpool's testimony would be relevant.  Madyun tried the smoke-exposure claim, and a jury returned a verdict for Linjer.

On appeal, Madyun first argues that the district court wrongly dismissed his assault claim based on a failure to exhaust administrative remedies.  He maintains that the court disregarded administrative complaints and a related administrative appeal that he filed in 2002.  As the court noted, however, such evidence was beyond the court's purview because the court was bound by Judge Griesbach's finding in the 2004 action that Madyun had not shown administrative exhaustion.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Perry v. Sheahan*, 222 F.3d 309, 317-18 (7th Cir. 2000).  Madyun now points to new administrative complaints he filed in 2006, but—as the court noted—exhaustion requires that any new filings comply with the prison's administrative rules.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  Madyun's post-2004 complaints failed to do so because they were not filed within 14 days of the underlying incident, as required by the relevant regulations.

Madyun next argues, regarding the adverse jury verdict on his smoke-exposure claim, that the district court wrongly denied—on relevancy grounds—his petition for a writ of habeas corpus ad testificandum for Vanderpool. Madyun asserts that Vanderpool's testimony was relevant because he proposed to contradict an affidavit from Linjer regarding Linjer's whereabouts during the fire, and thereby cast doubt on Linjer's credibility. But there actually was no conflict in their account of the events; Madyun had simply misread the affidavit provided by Linjer. It is not an abuse of discretion to preclude irrelevant testimony. *See United States v. Pless*, 982 F.2d 1118, 1127-28 (7th Cir. 1992); *Walker v. Sheahan*, 526 F.3d 973, 977-78 (7th Cir. 2008). In addition, to the extent the court also denied the request because it was filed two weeks late, it was not an abuse of discretion to deny the writ as untimely. *ITEL Capital Corp. v. Dennis Mining Supply and Equip., Inc.*, 651 F.2d 405, 407-08 (5th Cir. 1981) (upholding denial of writ sought three days before trial).

Madyun's third argument is that the district court erred when it severed his 2007 action into nine different actions. He argues that the allegations in each of the severed suits comprised part of a larger conspiracy claim and as such should have been kept together. But we lack jurisdiction to consider this argument. "Post-severance, these suits are independent for purposes of appellate jurisdiction." *Gaffney v. Riverboat Servs. of Ind.*, 451 F.3d 424, 444 (7th Cir. 2006); *United States v. O'Neil*, 709 F.2d. 361, 368-70 (5th Cir. 1983). We will not entertain a belated attempt to seek review of a judgment in an unrelated case. *O'Neil*, 709 F.2d at 368-72 (holding that if severances were improper "recourse was to challenge the district court's action on direct appeal or by mandamus" rather than "disregard the district court's action, and then later attempt to attack it in an appeal from another judgment in a different case").

Last, Madyun argues that the district court erred when it dismissed a number of defendants from the 2007 action. But that order was entered before the case was severed and is therefore also not before this court. *Id.*; *Gaffney*, 451 F.3d at 444.

AFFIRMED.