[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16334
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2011
JOHN LEY
CLERK

D. C. Docket No. 04-00260-CV-FTM-99-DNF

ROGER G. CANUPP,
individually and on behalf of a Class
of all persons similarly situated, et al.,

Plaintiffs-Appellees,

JAMAAL ALI BILAL,
a.k.a. John L. Burton, 99-0124,

Movant-Appellant,

versus

LIBERTY BEHAVIORAL HEALTH CORP., et al.,

Defendants,

GEORGE H. SHELDON,
Secretary of the Department of
Children and Families,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 7, 2011)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This is a class action brought in May 2004 by residents involuntarily confined in the Florida Civil Commitment Center (FCCC) on behalf of themselves and those who may be involuntarily confined at FCCC in the furture—all of whom are, or will be, under the care and custody of the State of Florida, Department of Children and Families (DCF) pursuant to Fla. Stat. §§394.910-394.931 (2003) ("Sexually Violent Predator Act" or "SVP Act"). The defendant is the Secretary of DCF. The plaintiffs sought declaratory and injunctive relief to remedy what they consider to be constitutional violations in connection with the conditions at FCCC and the treatment they were receiving. In March 2005, the district court granted the plaintiffs' motion for class certification, certifying two subclasses. As the parties were readying the case for trial, they entered into settlement negotiations. The negotiations culminated in a Final Action Plan for improvements in FCCC's operation, and the parties moved the court to approve

2

the Plan . The court granted the motion, and the plaintiff class was notified of the proposal and given a deadline for filing objections.

Twenty-one objections were filed by thirty-seven residents at FCCC, including Jamaal Bilal, the appellant. He objected on the ground that the Plan failed to provide for federal or judicial oversight related to the Plan's discharge planning component. He also moved the court to issue a writ of *habeas corpus ad testificandum* so that he could testify at the hearing the court would be holding to entertain objections to the Plan and consider its fairness. The court denied his motion.

The district court held a fairness hearing on November 17, 2009, and determined that pursuant to *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), the Plan was fair, adequate, and reasonable. The court reached this decision after addressing several objections, including Bilal's objection regarding the Plan's failure to provide for federal or judicial oversight. The court overruled that objection, concluding that there were sufficient means of monitoring the quality of care provided at the FCCC to compensate for the lack of federal or judicial oversight. At the end of the day, the court approved the Plan and entered an order dismissing the case with prejudice.

Bilal, proceeding *pro se*, now appeals the court's judgment, arguing that the

3

district court erred by not requiring the Plan to include a judicial oversight provision. In his view, no oversight would be conducted by the staff of the FCCC, particularly given the facility's history of mismanagement. He also contends that the court abused its discretion by denying his motion for a writ of *habeas corpus ad testificandum* because no FCCC resident was permitted to attend the hearing.

I.

The Final Action Plan required the district court's approval. Fed. R. Civ. P. 23(e).[1] The court could approve the Plan "only after a hearing and on a finding that [the settlement was] fair, reasonable, and adequate." *Leverso v. SouthTrust Bank of Ala.*, 18 F.3d 1527, 1531 (11th Cir. 1994). In determining whether the Plan was fair, reasonable, and adequate, the court had to take the following factors into account: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense, and duration of litigation; (5) the substance and amount of opposition to the settlement; and, (6) the stage of proceedings at which the settlement was achieved. *Bennett*, 737 F.2d at 986. In balancing these factors, the court was entitled to rely

---

[1] We review the district court's decision to approve the settlement here for abuse of discretion. *Leverso,* 18 F.3d at 1531.

upon the judgment of experienced counsel for the parties. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). Indeed, absent fraud, collusion, or the like, a district court should be hesitant to substitute its own judgment for that of counsel. *Id*.

In evaluating whether the settlement agreement in this case was fair, adequate, and reasonable, the district court considered nine factors, which included the six factors enumerated in *Bennett*. Additionally, the court addressed the objections presented, including Bilal's objection regarding the lack of a federal or judicial oversight provision. As for that objection, the court determined that there were sufficient means of monitoring the quality of care provided at the FCCC to compensate for the lack of federal or judicial oversight. In sum, we conclude that, in considering the Plan's fairness, the court applied the correct legal standard, and that its approval of the plan did not constitute an abuse of discretion.

## II.

We review the district court's denial of an application for a writ of *habeas corpus ad testificandum* for an abuse of discretion. *ITEL Capital Corp. v. Dennis Min. Supply & Equip., Inc.*, 651 F.2d 405, 407 (11th Cir. 1981). By the same token, whether the court should have allowed Bilal to speak at the fairness hearing was a discretionary call for the court to make. *Cotton*, 559 F.2d at 1330. The

5

court was not required to treat the fairness hearing as a trial and thus was permitted to limit the proceeding to whatever was necessary to aid it in reaching an informed decision. *Id.* The court did limit the hearing to the extent that it fully considered Bilal's objections—despite the fact that Bilal presented them in writing rather than through his personal appearance. That said, we find no abuse of discretion in the court's denial of the writ Bilal sought.

AFFIRMED.